In the consideration of this case we must view the defendant as standing in the same situation with Brown and Harbison, the creditors at whose instance the negro was sold; for if it were lawful for them to make their debt out of this property it will follow, as a consequence, that it was lawful for the defendant to purchase at the sheriff's sale.
Whether there be fraud or not, the jury must determine from the evidence. The law considers various circumstances as evidence of fraud: as when a bill of sale is made secretly and not in the usual way; where a suit is pending against the person conveying; when made by one relation to another, or where the person making it uses the property afterwards as his own, exercising acts of ownership over it; and, lastly, where a bill of sale, which is absolute and without condition on the face of it, is not accompanied and followed by possession of the property, it is void even if a consideration was paid.
The jury will determine whether the bill of sale from Harrison to the plaintiff was fraudulent or not. Should they think that it was from the law which has been stated, as applicable to the facts in evidence, they will find for the defendant; but should they think that it was a fair and bonâ fide *Page 101 
transaction, they will find for the plaintiff; that is, that the defendant does detain the negro, and in that case they will provide for the want of delivery of the negro, by the defendant, by giving such damages on failure as will fully compensate the plaintiff.
CAMPBELL, J., assented.
Verdict for the defendant.